IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-CR-0014-PAB

UNITED STATES OF AMERICA,

   Plaintiff,

 v.

**2. DAVID TAYLOR**

   Defendants.

---

**UNOPPOSED MOTION TO EXCLUDE 120 DAYS FROM THE SPEEDY TRIAL CALCULATION AND CONTINUE MOTIONS FILING DEADLINE**

---

  Defendant David Taylor, through undersigned counsel, moves this Court to vacate the current trial date of January 3, 2021, excluding 120 days under the Speedy Trial Act, and continuing disclosures and motions filing deadlines for 120-days from the current deadlines

 1. Mr. Taylor is Charged with violating 18 USC § 1951 - Robbery Affecting Commerce and 18 USC § 924(c)(1)(A)(ii), Brandishing a Firearm in Furtherance of a Crime of violence.

 2. On June 23, 2021, the government provided Mr. Taylor's counsel with discovery. Discovery originally exceeded 5,000 pages and there have been multiple ongoing discovery productions. The most recent discovery production was October 21, 2021.

 3. On July 19, 2021, the Court Ordered that an additional 120-days be excluded from the computation of the speedy trial deadline and Ordered that motions deadlines

1

and the trial date be reset.

4. The facts alleged in this matter stretch from Houston to Denver and implicates additional investigation in both cities. Evidence also consists of many spreadsheets of phone records and DNA. Mr. Taylor is detained at the Federal Detention Center-Englewood.

5. Counsel is unable to completely review discovery, perform necessary investigation and research, and file appropriate and relevant motions or trial briefs to meet the deadlines pursuant to the Court's scheduling Order (Doc. 39).

6. 18 U.S.C. § 3161 requires that any request to exclude time outside the time limits of the Speedy Trial Act is to be on the basis that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court is required to set forth reasons for finding the ends-of-justice are served and must consider criteria as outlined in *United States v. Toombs,* 574 F.3d 1262 (10th Cir. 2009).

7. The Toombs criteria relevant to this case include: (i) whether the failure to grant a continuance would result in a miscarriage of justice; and (iv) whether a failure to grant a continuance would deny the defendant reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Id. § 3163(h)(7)(B)(i)-(iv).

8. While the key criteria to determine an ends-of-justice continuance are outlined at 18 U.S.C. § 3161(h)(7)(B)(i) - (iv), the Tenth Circuit has established the following additional relevant factors: (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing

party, its witnesses, and the court resulting from the continuance; [and] (4) the need asserted for the continuance and the harm that [defendant] might suffer as a result of the district court's denial of the continuance. *United States v. Rivera*, 900 F.2d 1462, 1475 (10th Cir. 1990) (quoting *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987)). The fourth factor is "by far the most important." *Id.* at 1476.

9. Counsel requests an additional 120 days be excluded from the Speedy Trial calculation. Failure to exclude this time would deprive counsel of the time reasonably necessary for discovery review, pretrial motions, and trial preparation and the risk of miscarriage of justice 18 U.S.C. § 3161 (h)(7)(B)(i) and (iv). Additionally, the ends of justice by excluding an additional 120 days outweigh the best interests of the public in a speedy trial 18 U.S.C. § 3161(h)(7)(A).

10. Counsel has conferred with the government regarding this request for a 120-day exclusion from the computation of the speedy trial deadline and the government does not oppose.

WHEREFORE, pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) - (iv), and the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, Defendant David Taylor respectfully requests this Court exclude an additional 120 days from the speedy trial calculation.

DATED: November 8, 2021

Respectfully submitted,

 /s/ A. Tyrone Glover
A. Tyrone Glover
1543 Champa St., Suite 400
Denver, CO 80202
(303) 571-1000 Ph.
(303) 571-1001 Fx.
tglover@kln-law.com

*Attorney for Defendant David Taylor*

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2021, I electronically filed the foregoing **UNOPPOSED MOTION TO EXCLUDE 120 DAYS FROM THE SPEEDY TRIAL CALCULATION AND CONTINUE MOTIONS FILING DEADLINE** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record and the Court.

*/s/ A.Tyrone Glover*
A. Tyrone Glover