IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.: 21-CR-00014-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JIMMY GARRISON
2. DAVID TAYLOR
3. JAMARIUS JONES
4. JUSTIN WHITE

    Defendants.

## SUPERSEDING INDICTMENT

The Grand Jury charges:

### COUNT 1

That at all times material to this Indictment, Brinks US, was engaged in interstate commerce and an industry which affects interstate commerce.

On or about October 30, 2019, in the State and District of Colorado, the defendants, JIMMY GARRISON, DAVID TAYLOR, JAMARIUS JONES, and JUSTIN WHITE did unlawfully obstruct, delay, and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in 18 U.S.C. § 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in 18 U.S.C. § 1951(b)(1), in that the defendant did unlawfully take and obtain personal property consisting of US currency from the presence of the owner and possessor of the property, employees of Brinks US, against their will by means of actual and threatened

1

force, violence, and fear of injury to their person, and did aid, abet, counsel, command, induce and procure the same.

All in violation of Title 18, United States Code, Sections 1951(a) and 2.

## COUNT 2

On or about October 30, 2019, in the State and District of Colorado, the defendant, JIMMY GARRISON, did knowingly use, carry and brandish, a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, to wit: Hobbs Act robbery, as set forth in Count One above.

All in violation Title 18, United States Code, Sections 924(c)(1)(A)(ii).

## COUNT 3

On or about October 30, 2019, in the State and District of Colorado, the defendant, DAVID TAYLOR, did knowingly use, carry and brandish, a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, to wit: Hobbs Act robbery, as set forth in Count One above.

All in violation Title 18, United States Code, Sections 924(c)(1)(A)(ii).

## COUNT 4

On or about October 30, 2019, in the State and District of Colorado, the defendant, JAMARIUS JONES, did knowingly use, carry and brandish, a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, to wit: Hobbs Act robbery, as set forth in Count One above.

All in violation Title 18, United States Code, Sections 924(c)(1)(A)(ii).

## COUNT 5

On or about October 30, 2019, in the State and District of Colorado, the defendant, JUSTIN WHITE, did knowingly use, carry and brandish, a firearm during and

in relation to a crime of violence for which he may be prosecuted in a court of the United States, to wit: Hobbs Act robbery, as set forth in Count One above.

All in violation Title 18, United States Code, Sections 924(c)(1)(A)(ii).

### **FORFEITURE ALLEGATION**

1. The allegations contained in Counts 1 through 5 of this Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), Title 18, United States Code, Section 2641, Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the violations alleged in Counts 1 through 5 of this Superseding Indictment involving violations of Title 18, United States Code, Sections 3, 1951(a), 2119, the defendants, JIMMY GARRISON, DAVID TAYLOR, JAMARIUS JONES, and JUSTIN WHITE shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 2641, any and all of the defendant's right, title and interest in all property constituting and derived from any proceeds obtained directly and indirectly as a result of such offense, and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense, including, but not limited to: a money judgment in the amount of proceeds obtained by the defendant.

3. If any of the property described above, as a result of any act or omission of the defendants:

    a) cannot be located upon the exercise of due diligence;
    b) has been transferred or sold to, or deposited with, a third party;
    c) has been placed beyond the jurisdiction of the Court;
    d) has been substantially diminished in value; or
    e) has been commingled with other property which cannot be subdivided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property.

A TRUE BILL:

<u>Ink signature on file in Clerk's Office</u>
FOREPERSON

COLE FINEGAN
United States Attorney

By: *s/Brian Dunn*
Brian Dunn
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California St., Ste. 1600
Denver, CO 80202
Telephone: 303-454-0200
Fax:  303-454-0406
E-mail:  Brian.Dunn@usdoj.gov
Attorney for Government