IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 21-cr-00014-PAB-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.    DAVID TAYLOR

    Defendant.

---

## PLEA AGREEMENT

---

The United States of America (the government), by and through Brian Dunn, Assistant United States Attorney for the District of Colorado, and the defendant, David Taylor, personally and by counsel, Tyrone Glover, Esq. submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1. This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado and the defendant.

### I. AGREEMENT

**A. Defendant's Agreement:**

The defendant agrees

(1)    to plead guilty to Count 3 of the Superseding Indictment charging a violation 18 USC § 924(c)(1)(A)(ii), Possessing and Brandishing a Firearm in Furtherance of a Crime of Violence.

(2)    to waive certain appellate and collateral attack rights, as explained in detail below;

(3)    be liable for restitution to Brinks LLC in the amount of $359,000.00 which could include joint and several liability for some or all of the amount with other co-conspirators; and

1

**COURT EXHIBIT 1**

(4) agree not to contest forfeiture as more fully described below; etc.

**B. Government's Obligations:**

This agreement is made pursuant to Fed.R.Crim.P.11(c)(1)(A) and (B). The government agrees dismiss Count 1 of the Superseding Indictment at sentencing and to recommend 84 months for Count 3 of the Superseding Indictment. Should the plea of guilty be vacated on the motion of the defendant, the government may, in its sole discretion, move to reinstate any or all of the counts dismissed pursuant to this agreement and potentially file a second superseding indictment. The parties understand that this agreement is not binding on the Court.

The government agrees that the defendant should receive a two-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a). If the defendant does not engage in prohibited conduct or otherwise implicate USSG § 3C1.1, the government agrees to file a motion requesting that the defendant receive a one-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(b).

**C. Defendant's Waiver of Appeal:**

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence (including the restitution order), unless it meets one of the following criteria:

    (1) the sentence exceeds the maximum penalty provided in the statutes of conviction; or

    (2) the sentence exceeds 84 months; or

(3)    the government appeals the sentence imposed.

If the first criteria applies, the defendant may appeal only the issue of how his sentence exceeds the statutory maximum sentence. But if one of the latter two criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255. This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

- (1)    the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;
- (2)    the defendant was deprived of the effective assistance of counsel; or
- (3)    the defendant was prejudiced by prosecutorial misconduct.

The Defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's

3

determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied § 3582(c)(1)(A)(i) motion where the district court, in denying the motion on § 3553(a) grounds, failed to consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

**Forfeiture of assets**:

The defendant admits the forfeiture allegations. The defendant further agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 18, United States Code, Section 2641, Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), whether in the possession or control of the United States, the defendant, the defendant's nominees, or elsewhere. The defendant understands that pursuant to 18 U.S.C. § 983, the seizing agency is required to send notice in non-judicial civil forfeiture matters. Having been advised of said rights regarding notice, the defendant hereby knowingly and voluntarily waives his/her rights to notice being sent within the time frames in 18 U.S.C. § 983 and to having the property returned to him/her if notice is not sent within the prescribed time frames. The defendant further agrees to the forfeiture of any substitute assets up to the value of any property described above pursuant to 21 U.S.C. § 853(p) and Federal Rules of Criminal Procedure 32.2(e).

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

## II. ELEMENTS OF THE OFFENSE

The parties agree that the elements of the Count 3 of the Superseding Indictment are as follows:

### Count 3: 18 U.S.C. §§ 924(c)(1)(A)(ii)

*First*: The defendant,

*Second*: Knowingly used and brandished, a firearm during and in relation to a crime of violence, for which the defendant may be prosecuted in a court of the United States, to wit: Hobbs Act Robbery.

## III. STATUTORY PENALTIES

The maximum statutory penalty for a violation of Title 18 United States Code, Section 924(c)(1)(A)(ii), as charged in Count Three of the Superseding Indictment, is not less than 7 years imprisonment, and not more than life imprisonment, to run consecutive to any other sentence; not more than a $250,000.00 fine, or both such fine and imprisonment; not more than 5 years supervised release, and a $100 special assessment fee.

## IV. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

## V. STIPULATION OF FACTS

The factual basis for this plea is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts that may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set

forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from presenting non-contradictory additional facts which are relevant to the Court's guideline computation, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties stipulate that the following facts are true and correct:

On October 30, 2019, at 5201 S. Yosemite, Englewood, Colorado, outside of First Colorado Bank, an armored Brinks truck driver was robbed at gunpoint by three masked and gloved individuals holding functional firearms and zipties.  The defendant and two codefendants jumped out of a stolen pathfinder with guns, zipties and an empty bag, got into the Brinks truck, stole $359,000 out of the back of the Brinks truck, and drove off in a stolen Nissan Pathfinder.  The victim was ordered to the ground during the robbery by the robbers.  Defendant and his two codefendants then drove the pathfinder several blocks away to meet a fourth codefendant in a Nissan Maxima.  The defendant and the other three codefendants then drove away with the money and divided up the proceeds.

Prior to the robbery, the defendant drove from Texas to Denver for the express purpose of aiding the codefendants in committing the robbery.  In the days prior to the robbery, the defendant and the three codefendants agreed to follow armored trucks in the Denver metro area in order to determine if there was an opportunity to commit a robbery.  On October 30, 2019, the defendant and codefendants noticed the Brinks truck and victim, and agreed to commit the robbery.

Prior to and during the robbery the three men (including two codefendants) in the pathfinder were armed with functional firearms. The defendant was given a portion of the proceeds from the robbery as a result of his actions.

All of the conduct described above took place in a state and District of Colorado.

## VI. ADVISORY GUIDELINE CALCULATION

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The Guideline calculation below is the good-faith estimate of the parties, but it is only an estimate. The parties understand that the government also has an independent obligation to assist the Court in making an accurate determination of the correct guideline range. To that end, the government may argue that facts identified in the presentence report, or otherwise identified during the sentencing process, affect the estimate below.

      a) Pursuant to § 2K2.4(b), the guideline sentence is the minimum term of imprisonment required by statute. Count 3 charges the defendant with violating 18 § U.S.C. 924(c)(1)(A)(ii). The mandatory minimum term of imprisonment under § 924(c)(1)(A)(ii) is seven years, *i.e.*, 84 months imprisonment. Thus, the guideline sentence is 84 months imprisonment. Pursuant to 18 U.S.C. § 924(c)(1)(D)(ii), this sentence shall run consecutive to any other term of imprisonment.

7

b) **Criminal History Category:** The parties understand that the defendant=s criminal history computation is tentative. The criminal history category is determined by the Court based on the defendant=s prior convictions. Based on information currently available to the parties, it is estimated the defendant's criminal history category is **VI**.

c) Pursuant to guideline §5D1.2(a)(1) and 18 USC § 924(c)(1)(A)(iii), the advisory range of that term is **not less than 2 years (advisory minimum) and not more than 5 years (statutory maximum).**

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VII. ENTIRE AGREEMENT

The agreement disclosed to the Court is the entire agreement. There are no other promises, agreements or "side agreements," terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any other terms, promises, conditions or assurances.

Date: 6-17-22

_____
David Taylor
Defendant

Date: 6-17-22

_____
Tyrone Glover
Attorney for Defendant

Date: 6/17/22

_____  AUSA AJ Buchman — 43654
Brian Dunn                                       for
Assistant U.S. Attorney