```
 1                    IN THE UNITED STATES DISTRICT COURT

 2                      FOR THE DISTRICT OF COLORADO

 3   Criminal Action No. 21-cr-14-PAB-2

 4    UNITED STATES OF AMERICA,

 5          Plaintiff,

 6          vs.

 7    DAVID TAYLOR,

 8          Defendant.

 9   ----------------------------------------------------------------

10                       REPORTER'S TRANSCRIPT

11                          Change of Plea

12   ----------------------------------------------------------------

13          Proceedings before the HONORABLE PHILIP A. BRIMMER,
     Judge, United States District Court for the District of
14   Colorado, commencing on the 17th day of June, 2022, in Courtroom
     A701, United States Courthouse, Denver, Colorado.
15

16                           APPEARANCES
     For the Plaintiff:
17   ALBERT C. BUCHMAN, Assistant U.S. Attorney, UNITED STATES
     ATTORNEY'S OFFICE, 1801 California Street, Suite 1600, Denver,
18   CO 80202

19

20   For the Defendant:
     A. TYRONE GLOVER, JR., Tyrone Glover Law LLC, 1600 Stout Street,
21   Suite 1400, Denver, CO 80202

22

23

24
     KEVIN P. CARLIN, RMR, CRR, 901 19th Street, Room A259, Denver,
25   CO 80294, (303)335-2358
```

21-cr-14-PAB-2    Change of Plea    06-17-2022

1              P R O C E E D I N G S

2        (Proceedings commenced at 2:36 p.m.)

3            THE COURT:  The matter before the Court is United

4  States of America versus defendant number two, David Taylor.

5  This is criminal case 21-cr-14.  I will take entries of

6  appearance, please.

7            MR. BUCHMAN:  Good afternoon, Your Honor.  Albert

8  Buchman for the United States.

9            THE COURT:  And good afternoon to you.  And on behalf

10  of Mr. Taylor?

11            MR. GLOVER:  Good afternoon, Your Honor.  Tyrone

12  Glover on behalf of David Taylor.  He appears to my left.

13            THE COURT:  And good afternoon to both of you as well.

14  We are here today for a change of plea in this matter.  So,

15  Mr. Glover, if you and Mr. Taylor would please go to the podium.

16            MR. GLOVER:  Certainly, Your Honor.

17            THE COURT:  Great.  Thanks.  And actually, before we

18  do so, let me just ask Mr. Buchman real quick, he may not have

19  drafted this plea agreement, but at the top of page seven, very

20  first line, it says prior to and during the robbery, the three

21  men, including two codefendants -- actually, I was thinking that

22  maybe there's a little bit of ambiguity there, but I think that

23  it's pretty clear that the three men each were armed with

24  firearms, because there is a reference on the previous page to

25  that same thing.  So, I won't worry about that.  Okay.  So,

Kevin P. Carlin, RMR, CRR

21-cr-14-PAB-2     Change of Plea     06-17-2022

1  Mr. Taylor, I'm going to have you take an oath at this time that

2  Ms. Grimm will administer to you.

3         (The Defendant is Sworn)

4            THE COURT:  All right.  Mr. Taylor, what I'm going to

5  do is I'm going to ask you a series of questions.  First I'm

6  going to ask you some questions about your background.  After

7  that I'm going to ask you some questions about your plea

8  agreement to make sure that you understand your plea agreement.

9  And finally, I am going to explain to you your trial rights.  If

10  at any point in time you don't understand one of my questions,

11  let me know, and I will either repeat the question or I will

12  rephrase it.

13            Also, if you need to talk to Mr. Glover before

14  answering one of my questions, that's no problem.  Just let me

15  know that you would like to do that.  Do you understand those

16  things?

17            THE DEFENDANT:  Yes, sir.

18            THE COURT:  Okay.  First of all, how old are you,

19  Mr. Taylor?

20            THE DEFENDANT:  Thirty years old.

21            THE COURT:  What's the highest grade that you

22  completed in school?

23            THE DEFENDANT:  Eleventh.

24            THE COURT:  Did you get a GED at some point?

25            THE DEFENDANT:  No, sir.

Kevin P. Carlin, RMR, CRR

21-cr-14-PAB-2    Change of Plea    06-17-2022

 1          THE COURT:  Okay.  Do you have any trouble reading or

 2    writing English?

 3          THE DEFENDANT:  No, sir.

 4          THE COURT:  Are you now under the influence of any

 5    drug, narcotic, prescription medication, marijuana, or alcohol?

 6          THE DEFENDANT:  No, sir.  I do take meds, but I didn't

 7    take them last night, because it does have a next-day effect on

 8    me.

 9          THE COURT:  Okay.  But you didn't take them -- do you

10    feel any of those effects right now?

11          THE DEFENDANT:  No, sir.

12          THE COURT:  Okay.  As far as you know, Mr. Taylor,

13    have you been diagnosed with a mental illness or emotional

14    disability?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  And is that why you take the medication?

17          THE DEFENDANT:  Yes, sir.

18          THE COURT:  Okay.  What was the most recent diagnosis

19    that you received?

20          THE DEFENDANT:  The PTSD.

21          THE COURT:  PTSD?  And is that what you take the

22    medicine for?

23          THE DEFENDANT:  Yes, sir.  But I also take it for a

24    couple other things.  I'm on like three different kind of

25    medications.

21-cr-14-PAB-2     Change of Plea     06-17-2022

1          THE COURT:  Okay.  But did you take any of the other

2    type of medications yesterday or today?

3          THE DEFENDANT:  No, sir.  I haven't taken it since

4    Wednesday.

5          THE COURT:  Okay.  Got it.  Any of those three?

6          THE DEFENDANT:  All of them.

7          THE COURT:  Okay.  Anything about the way that you

8    feel today, Mr. Taylor, whether physically or emotionally, that

9    would cause you not to understand what we're doing today in

10   court?

11         THE DEFENDANT:  No, sir.

12         THE COURT:  Okay.  For instance, like you may not take

13   those medications because it might have an adverse effect on how

14   you feel today, but by not taking them, it causes you a side

15   effect too.  That's not the situation in terms of being able to

16   understand what we're doing in this hearing?

17         THE DEFENDANT:  No, sir.

18         THE COURT:  Okay.  Do you have at the podium with you,

19   Mr. Taylor, a copy of Court Exhibit 1, which is your plea

20   agreement; Court Exhibit 2, which is the statement by defendant;

21   and also Court Exhibit 3?

22         THE DEFENDANT:  Yes, sir.

23         THE COURT:  Okay.  Sometime before this hearing, did

24   you meet with Mr. Glover to review those documents?

25         THE DEFENDANT:  Yes, sir.

21-cr-14-PAB-2     Change of Plea     06-17-2022

1          THE COURT:  Okay.  Let's focus on Court Exhibit 1.

2  When you met with Mr. Glover to review Court Exhibit 1, had you

3  actually read that document?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  Okay.  And when you met with Mr. Glover,

6  did you have an opportunity to ask him any questions that you

7  had about Court Exhibit 1?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  Did he answer any questions that you had

10  to your satisfaction?

11          THE DEFENDANT:  Yes, sir.

12          THE COURT:  Okay.  After having done those things,

13  Mr. Taylor, did you then sign that document on page nine?

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  Okay.  Now let's take a look at Court

16  Exhibit 2.  Similarly, when you met with Mr. Glover to review

17  this document, did you -- and by the way, Court Exhibit Number 2

18  indicates that you were defendant number five.  I don't think

19  there are five defendants.  That should be -- that -- you should

20  be defendant number two.

21          MR. GLOVER:  I corrected that on our copy.

22          THE COURT:  That's great.  Thank you, Mr. Glover.  So,

23  Mr. Taylor, when you met with Mr. Glover to review this

24  document, did you actually read this document?

25          THE DEFENDANT:  Yes, sir.

21-cr-14-PAB-2     Change of Plea     06-17-2022

1          THE COURT:  Okay.  And after having done so, did you

2    have an opportunity to ask Mr. Glover any questions that you had

3    about this document?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  Did he answer any questions that you had

6    to your satisfaction?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  And after having done those things,

9    Mr. Taylor, did you sign this document on page eight?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  Okay.  Finally, Court Exhibit 3, when you

12    met with Mr. Glover to discuss this document, did you actually

13    read this document?

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  Okay.  And after having done so, did you

16    have an opportunity to ask Mr. Glover any questions that you had

17    about this document?

18          THE DEFENDANT:  Yes, sir.

19          THE COURT:  And after having done those things, did

20    you -- oh, and did he answer any questions that you had to your

21    satisfaction?

22          THE DEFENDANT:  Yes, sir.

23          THE COURT:  Okay.  And did you then sign this document

24    on page seven?

25          THE DEFENDANT:  Yes, sir.

21-cr-14-PAB-2    Change of Plea    06-17-2022

1               THE COURT:  Okay.  Now, it's my understanding --

2               MR. GLOVER:  Your Honor, if we could just briefly go

3     back to Court Exhibit Number 2?

4               THE COURT:  Yes.

5               MR. GLOVER:  On page six, there were a couple blanks

6     that --

7               THE COURT:  Yes.

8               MR. GLOVER:  -- we did not fill out on this particular

9     copy.  So, I have filled in the education, which I believe

10    Mr. Taylor has 11 years, and I don't know if the Court would

11    inquire on the record as to his age.

12              THE COURT:  I did already.  He said he was 30.

13              MR. GLOVER:  I'm sorry.  So, now for the record, we

14    have --

15              THE COURT:  Yeah.  That's great.  We know for a fact

16    that's right, because he had already answered those questions.

17    Thank you, Mr. Glover.  So, Mr. Taylor, it's my understanding of

18    your plea agreement is that you intend to plead guilty to count

19    three of the superseding indictment that charges you in

20    violation of 18 United States Code Section 924(c)(1)(A)(ii).

21    You're agreeing to waive certain of your appellate and

22    collateral attack rights, which I will review with you in more

23    detail in just a moment.

24              You're agreeing to be liable for restitution to Brink's

25    LLC in the amount of $359,000, which could be joint and several

21-cr-14-PAB-2     Change of Plea     06-17-2022

1   with your codefendants.  And also you're agreeing not to contest

2   the contested forfeiture as explained in your plea agreement.

3   You are also agreeing to the terms of Court Exhibit 3.

4            In return for you doing those things, the United States

5   is agreeing to dismiss count one of the superseding indictment

6   at the time of sentencing.  And I assume, Mr. Buchman, that that

7   would be agreeing to dismiss count one against this defendant

8   only?

9            MR. BUCHMAN:  That's correct.

10           THE COURT:  And is that your understanding as well,

11  Mr. Glover?

12           MR. GLOVER:  Yes, Your Honor.

13           THE COURT:  In other words, you know, he's not

14  pleading guilty that everyone else gets off the hook on count

15  one; right?

16           MR. GLOVER:  That's not my understanding.

17           THE COURT:  Yeah.  Okay.  And also, the United States

18  is agreeing to recommend a sentence of 84 months as to count

19  three of the superseding indictment.

20           The United States is also agreeing that you should

21  receive a two-level reduction for acceptance of responsibility.

22  And assuming that you don't engage in prohibited conduct as

23  referenced in guideline Section 3C1.1, the United States is also

24  agreeing to file a motion requesting that he receive an

25  additional one-level decrease for acceptance of responsibility.

21-cr-14-PAB-2     Change of Plea     06-17-2022

1        Does that summarize, Mr. Taylor, the material terms of

2   your plea agreement with the United States?

3        THE DEFENDANT:  Yes, sir.

4        THE COURT:  Mr. Glover, do you agree with the Court's

5   summary of the material terms?

6        MR. GLOVER:  Yes, Your Honor.

7        THE COURT:  And Mr. Buchman, do you agree as well?

8        MR. BUCHMAN:  The Government agrees.

9        THE COURT:  Okay.  Thank you.  So, Mr. Taylor, let's

10  take a look in more detail at your waivers of those appellate

11  rights that I referred to.  So, if you take a look at your plea

12  agreement on page two in section C, you will see about four

13  lines down that it indicates that you knowingly and voluntarily

14  weigh the right to appeal any matter in connection with this

15  prosecution, conviction, or sentence, including the restitution

16  order, unless it meets one of the following criteria:

17        Number one, the sentence exceeds the maximum penalty

18  provided in the statutes of conviction; or two, the sentence

19  exceeds 84 months; or three, the Government appeals the sentence

20  imposed.  If the first criteria applies, then the defendant may

21  appeal only the issue of how his sentence exceeds the statutory

22  maximum sentence, but if one of the latter two criteria apply,

23  the defendant may appeal on any ground that is properly

24  available in an appeal that follows a guilty plea.

25        Have you had a chance, Mr. Taylor, to review that

21-cr-14-PAB-2     Change of Plea     06-17-2022

1  aspect of your waiver of appellate rights and talk to Mr. Glover

2  about it?

3              THE DEFENDANT:  Yes, sir.

4              THE COURT:  Do you believe that you understand that

5  aspect of your waiver of appellate rights?

6              THE DEFENDANT:  Yes, sir.

7              THE COURT:  Okay.  Let's take a look at the next

8  paragraph.  That indicates that you also knowingly and

9  voluntarily waive the right to challenge this prosecution,

10  conviction, or sentence, including the restitution order, in any

11  collateral attack, including but not limited to a motion brought

12  under 28 United States Code Section 2255.

13             This waiver provision does not prevent the defendant

14  from seeking relief otherwise available in a collateral attack

15  on any of the following grounds:  One, the defendant should

16  receive the benefit of an explicitly retroactive change in the

17  sentencing guidelines or sentencing statute; two, the defendant

18  was deprived of the effective assistance of counsel; or three,

19  the defendant was prejudiced by prosecutorial misconduct.

20             Have you had a chance, Mr. Taylor, to review that

21  aspect of your waiver of appellate rights and talk to Mr. Glover

22  about it?

23             THE DEFENDANT:  Yes, sir.

24             THE COURT:  Okay.  And do you believe that you

25  understand that aspect of your waiver of appellate rights?

21-cr-14-PAB-2     Change of Plea     06-17-2022

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  There are two other paragraphs right below

3     that.  I'm not going to read those to you, but have you had a

4     chance to review those as well?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  Okay.  And you believe that you understand

7     that waiver of appellate rights contained in those paragraphs?

8          THE DEFENDANT:  Yes, sir.  I just have one question

9     right here.

10          THE COURT:  Sure.  On which paragraph is that?

11          MR. GLOVER:  Your Honor, just one moment.

12          THE COURT:  Yeah.  Not a problem.

13       (Pause in the proceedings.)

14          MR. GLOVER:  Your Honor, I believe we're ready to

15     proceed.

16          THE COURT:  Okay.  And Mr. Taylor, the question that I

17     asked was whether those last two paragraphs of this section,

18     which are found on page three, carrying over to page four, are

19     ones that you had a chance to talk to Mr. Glover about, and

20     whether you understand those as well.

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  Okay.  You believe that you understand the

23     waivers in both of those paragraphs?

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  Okay.  Now let us take a look,

21-cr-14-PAB-2     Change of Plea     06-17-2022

1   Mr. Glover -- or, sorry -- Mr. Taylor, at page four.  You will

2   notice on page four under the forfeiture of assets part of that

3   that in addition to admitting the forfeiture allegation in the

4   superseding indictment, you're also agreeing to forfeit to the

5   United States any and all assets subject to forfeiture.  Do you

6   understand that?

7             THE DEFENDANT:  Yes, sir.

8             THE COURT:  Okay.  And now let's turn the page and

9   take a look at the elements of count three of this superseding

10  indictment.  That's the 924(c) charge.  The elements of that

11  offense are those things which, had this matter gone to trial,

12  the United States would have been required to prove beyond a

13  reasonable doubt in order to convict you of that charge.  Do you

14  understand, Mr. Taylor, what an element is?

15            THE DEFENDANT:  Yes, sir.

16            THE COURT:  Okay.  And have you had a chance to look

17  at the two elements that are set forth in section two on page

18  five of your plea agreement?

19            THE DEFENDANT:  Yes, sir.

20            THE COURT:  Do you believe that you understand the

21  elements of that count?

22            THE DEFENDANT:  Yes, sir.

23            THE COURT:  Okay.  Now let's look at the maximum

24  statutory penalties for your pleading guilty to that count.

25  Namely, not less than seven years imprisonment or more than a

21-cr-14-PAB-2     Change of Plea     06-17-2022

1   lifetime imprisonment, consecutive to any other sentence, not

2   more than a 250,000-dollar fine, and not more than five years

3   supervised release, and a 100-dollar special assessment fee.  Do

4   you understand, Mr. Taylor, that those are the maximum statutory

5   penalties for your pleading guilty to count three of the

6   superseding indictment?

7           THE DEFENDANT:  Yes, sir.

8           THE COURT:  Okay.  Now let's take a look at the

9   factual basis for your plea of guilty.  The factual basis are

10  those facts which had this matter gone to trial, the United

11  States would have had to prove in order to convict you of that

12  count.  You will see on page six, the beginning of the second

13  full -- well, it's not a full paragraph, but you will see the

14  sentence that is about a fourth of the way down that says, the

15  parties stipulate that the following facts are true and correct.

16          And then what follows and carries over to the top of

17  the next page are certain facts that support a plea of guilty to

18  count three of the superseding indictment.  Have you had a

19  chance, Mr. Taylor, to review the facts that are set forth on

20  pages six and seven of your plea agreement?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  Are there any facts that are contained on

23  those pages that you disagree with?

24          THE DEFENDANT:  No, sir.

25          THE COURT:  Okay.  Now, let us take a look at the

1  parties' estimation of your advisory guideline sentencing range.

2  If you will turn to page seven, at the bottom, you will see

3  subparagraph A.  And that indicates that the guideline sentence

4  is the minimum term of imprisonment required by statute.  The

5  minimum term for count three is seven years or 84 months that

6  have to run consecutive to any other sentence.

7          If you will turn the page to page eight, you will see

8  that with a criminal history category of six, which the parties

9  believe you are in, your advisory guideline sentencing range,

10 once again, is 84 months.  The length of supervised release

11 would be not less than two years, and up to five years of

12 supervised release.  You understand, Mr. Taylor, those

13 estimations of your advisory guideline sentencing range?

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  Okay.  In imposing sentence, the Court

16 will take into account the statutory -- or, sorry -- the

17 guideline range as the Court determines it to be.  The Court

18 will also take into account the statutory factors which are set

19 forth in 18 United States Code Section 3553(a).  Do you

20 understand, Mr. Taylor, that unless otherwise provided in your

21 plea agreement, and also Court Exhibit 3, the Court will not be

22 bound by what anyone may have told you, promised you, or

23 predicted for you as the sentence in this case?

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  Now let us talk about the sentencing

21-cr-14-PAB-2      Change of Plea      06-17-2022

1    process.  Assuming that you plead guilty to count three of the

2    superseding indictment, the probation office will prepare what's

3    called a presentence investigation report.  A copy of that

4    report will be given to Mr. Glover.  A copy of that report will

5    be given to Mr. Dunn or Mr. Buchman, and then both sides will

6    have an opportunity to file any motions that they think are

7    appropriate, to file any objections that they think are

8    necessary, or to file any suggested corrections to the

9    presentence investigation report.

10        When we come back for your sentencing hearing, I will

11   resolve those issues first, and then the next issue will be what

12   your sentence should be.  Mr. Glover will have the right to

13   address the Court regarding his recommendation of the sentence

14   on your behalf.  The Assistant United States Attorney will have

15   the right to address the Court regarding the Government's

16   sentencing recommendation.  And then you yourself, if you wish,

17   will have the right to address the Court regarding what you

18   think the sentence in this case should be.

19        Do you understand the sentencing process?

20            THE DEFENDANT:  Yes, sir.

21            THE COURT:  All right.  As the result of your pleading

22   guilty to count three, which is a felony, you stand to lose

23   certain of your rights.  For instance, the right to vote, the

24   right to hold elective office, the right to sit on a jury, and

25   the right to possess firearms.  Do you understand those

21-cr-14-PAB-2     Change of Plea     06-17-2022

1   consequences of your pleading guilty to count three of the

2   superseding indictment?

3          THE DEFENDANT:  Yes, sir.

4          THE COURT:  Now let's talk about your trial rights.

5   Do you understand, Mr. Taylor, that rather than pleading guilty

6   to count three of the superseding indictment, you could instead

7   choose to have a trial and allow the jury to determine whether

8   you're guilty or not guilty of the charges brought against you

9   in the superseding indictment?  Do you understand that?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  If you went to trial, you wouldn't have

12   any burden to prove your own innocence.  Rather, the United

13   States would have the burden to prove your guilt beyond a

14   reasonable doubt as to the elements of each of the offenses

15   charged against you in the superseding indictment.  Do you

16   understand that?

17          THE DEFENDANT:  Yes, sir.

18          THE COURT:  If you went to trial, you would have the

19   right to have a jury composed of 12 persons, whose verdict would

20   have to be unanimous.  Also at trial, you would have the right

21   with the help of Mr. Glover to confront and to cross examine any

22   witnesses that the United States called against you.  Finally,

23   you would have the right, once again with the help of your

24   attorney, to call your own witnesses and to present your own

25   evidence, which if you could not afford to do so would be done

Kevin P. Carlin, RMR, CRR

21-cr-14-PAB-2     Change of Plea     06-17-2022

1    at the expense of the Government.  Do you understand those

2    rights?

3                  THE DEFENDANT:  Yes, sir.

4                  THE COURT:  All right.  If you went to trial, you

5    would have the right to testify or to remain silent, as you

6    chose.  And if you chose to remain silent, the Court would at

7    your request instruct the jury that it could not use your

8    decision not to testify against you in any way.  Do you

9    understand that right?

10                 THE DEFENDANT:  Yes, sir.

11                 THE COURT:  If you went to trial and were convicted,

12   you would have the right to appeal not only your conviction, but

13   also the sentence that the Court imposed.  Do you understand

14   that right?

15                 THE DEFENDANT:  Yes, sir.

16                 THE COURT:  Do you understand that by pleading guilty

17   to count three of the superseding indictment, you're waiving

18   your right to a trial by jury, and you're waiving all those

19   trial rights that we just talked about?

20                 THE DEFENDANT:  Yes, sir.

21                 THE COURT:  All right.  Has anyone forced or

22   threatened you in any way, Mr. Taylor, to get you to plead

23   guilty to count three of the superseding indictment?

24                 THE DEFENDANT:  No, sir.

25                 THE COURT:  Has anyone, including your own attorney,

21-cr-14-PAB-2     Change of Plea     06-17-2022

1    made any promises to you about this case, about your plea

2    agreement, or about the sentence that the Court may impose that

3    we haven't already talked about today, or which is not already

4    included in your plea agreement?

5              THE DEFENDANT:  No, sir.

6              THE COURT:  Have you had a sufficient amount of time

7    to review your plea agreement and talk to Mr. Glover about it?

8              THE DEFENDANT:  Yes, sir.

9              THE COURT:  Have you decided that rather than going to

10   trial, it is in your best interest to plead guilty to count

11   three?

12             THE DEFENDANT:  Yes, sir.

13             THE COURT:  You have been represented in this case by

14   Mr. Glover.  Are you satisfied with Mr. Glover as your attorney?

15             THE DEFENDANT:  Yes, sir.

16             THE COURT:  Any complaints or criticisms of Mr. Glover

17   or concerning the plea agreement that he negotiated on your

18   behalf?

19             THE DEFENDANT:  No, sir.

20             THE COURT:  Any questions for me, Mr. Taylor, about

21   either your trial rights or concerning your plea agreement?

22             THE DEFENDANT:  No, sir.

23             THE COURT:  All right.  Any supplementation of the

24   record on behalf of the United States, Mr. Buchman?

25             MR. BUCHMAN:  No.

21-cr-14-PAB-2     Change of Plea     06-17-2022

1      THE COURT:  Thank you.  Mr. Glover, any

2  supplementation of the record on behalf of Mr. Taylor?

3      MR. GLOVER:  No.  Thank you, Your Honor.

4      THE COURT:  All right.  Thank you.  All right.

5  Mr. Taylor, we've had a chance to review your plea agreement.

6  We've had a chance to talk about your trial rights.  Do you wish

7  to go forward at this time and enter a plea of guilty as to

8  count three of the superseding indictment?

9      THE DEFENDANT:  Yes, sir.

10      THE COURT:  All right.  Mr. Glover, does he request

11  formal advisement as to that charge?

12      MR. GLOVER:  No, Your Honor.  We would waive formal

13  advisement.

14      THE COURT:  All right.  Thank you.  Mr. Buchman, then

15  using a shortened form of advisement if you wish, but mentioning

16  the statutory citation, could you please rearraign Mr. Taylor as

17  to count three of the superseding indictment.

18      MR. BUCHMAN:  Absolutely.  Good afternoon.  Are you

19  the Mr. David Taylor named in the superseding indictment?

20      THE DEFENDANT:  Yes, sir.

21      MR. BUCHMAN:  As to count three of the superseding

22  indictment that's charging a violation of Title 18 United States

23  Code Section 924(c)(1)(A)(ii), called possessing and brandishing

24  a firearm in furtherance of a crime of violence, how do you

25  plead: guilty or not guilty?

21-cr-14-PAB-2     Change of Plea     06-17-2022

1          THE DEFENDANT:  Guilty.

2          MR. BUCHMAN:  Okay.  And also, as to the forfeiture

3    provision listed in the indictment and also in the plea

4    agreement, do you admit to that?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  Thank you, Mr. Buchman.  The Court will

7    make the following findings of fact and conclusions of law.  The

8    Court finds that Mr. Taylor is alert, sober, and competent.  The

9    Court finds that Mr. Taylor understands the charge that he has

10   pled guilty to, including the nature, circumstances, factual

11   basis, and essential elements of that charge.

12         The Court finds that Mr. Taylor has thoroughly

13   discussed his plea agreement with his attorney.  The Court finds

14   that Mr. Taylor understands each and every term of his plea

15   agreement.  The Court finds that Mr. Taylor has voluntarily,

16   knowingly, and intelligently entered a plea of guilty as to

17   count three of the superseding indictment.  The Court finds that

18   Mr. Taylor's plea of guilty is not the result of mistake,

19   misunderstanding, fear, coercion, or undue influence.  The Court

20   finds that Mr. Taylor's plea of guilty is not the result of any

21   promises or representations made to him by anyone, including his

22   own attorney, except as to those matters mentioned in open court

23   or included in the parties' plea agreement.

24         The Court finds that Mr. Taylor understands each of his

25   legal rights in this case, including his right to a trial by

21-cr-14-PAB-2     Change of Plea     06-17-2022

1   jury.  The Court finds that Mr. Taylor understands the maximum

2   sentence of imprisonment, the length of supervised release, the

3   special assessment, and the maximum fine that may be imposed

4   pursuant to his plea agreement.  And the Court finds that there

5   is a factual basis supporting Mr. Taylor's plea of guilty, and

6   the Court finds that he has been represented throughout these

7   proceedings by competent and effective counsel with whom he has

8   no criticism or complaint.

9       The Court therefore accepts Mr. Taylor's plea of

10  guilty, and he is adjudged guilty of count three of the

11  superseding indictment.

12      The Court will, however, defer approval of the plea

13  agreement until such time as the Court has the opportunity to

14  review the presentence investigation report.

15      Ms. Grimm, have the parties agreed to a sentencing

16  date?

17      THE COURTROOM DEPUTY:  September 16th at 1:30.

18      THE COURT:  Thank you.  Therefore, on this record,

19  considered as a whole, it is ordered as follows:

20      That Court Exhibits 1, 2, and 3 are admitted;

21      That approval of the plea agreement is deferred pending

22  the opportunity of the Court to review the presentence

23  investigation report;

24      That Mr. Taylor's plea of guilty to count three of the

25  superseding indictment is accepted and approved, and he is found

Kevin P. Carlin, RMR, CRR

21-cr-14-PAB-2    Change of Plea    06-17-2022

1   guilty of the same;

2          That the probation office shall conduct a presentence

3   investigation and file a presentence report;

4          That any motions for variance or departure shall be

5   filed within the time limit specified by Federal Rule of

6   Criminal Procedure 32(f)(1);

7          That Mr. Taylor, with the assistance of counsel if

8   necessary, shall contact the probation office after this hearing

9   regarding the presentence investigation;

10         That the case is continued for sentencing to

11  September 16th, 2022, at 1:30 p.m., at which time Mr. Taylor

12  shall appear before the Court without further notice;

13         And that any pretrial motions are moot.

14         Mr. Buchman, anything else on behalf of the United

15  States?

16          MR. BUCHMAN:  Nothing further.  Thank you.

17          THE COURT:  Thank you.  Mr. Glover, anything else on

18  behalf of Mr. Taylor?

19          MR. GLOVER:  No, Your Honor.  Thank you.

20          THE COURT:  All right.  Mr. Taylor will be remanded to

21  the custody of the United States Marshals, and the Court will be

22  in recess.  Thank you.

23      (Proceedings concluded at 3:07 p.m.)

24

25

1                         REPORTER'S CERTIFICATE

2

3

4           I, KEVIN P. CARLIN, Official Court Reporter for the

5    United States District Court for the District of Colorado, a

6    Registered Merit Reporter and Certified Realtime Reporter, do

7    hereby certify that I reported by machine shorthand the

8    proceedings contained herein at the time and place

9    aforementioned and that the foregoing pages constitute a full,

10   true, and correct transcript.

11           Dated this 22nd day of July, 2022.

12

13

14

15

16                              _____
                                Kevin P. Carlin, RMR, CRR
17                              Official Court Reporter

18

19

20

21

22

23

24

25