IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-00014-PAB-2

UNITED STATES OF AMERICA,

   Plaintiff,

v.

2. DAVID TAYLOR,

   Defendant.

_____

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE FOR A PERSONAL MONEY JUDGMENT AGAINST DEFENDANT DAVID TAYLOR**
_____

  COMES NOW the United States of America, by and through United States Attorney Cole Finegan and Assistant United States Attorney Kurt J. Bohn, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), and moves this Court to enter a Preliminary Order of Forfeiture.

**I. Factual Background**

  1. On January 18, 2022, the grand jury charged defendant David Taylor by Superseding Indictment with: Interference with commerce by threats or violence in Count One, in violation of 18 U.S.C. §§ 1951(a) and 2; and possession of a firearm during and in relation to a crime of violence in Count Three, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Doc. 45).

  2. In the Superseding Indictment the United States also provided the defendant David Taylor with notice, pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. §

1

2641, 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c) that the United States would seek forfeiture of any and all of the defendant's right, title and interest in all property constituting and derived from any proceeds obtained directly and indirectly as a result of such offense, and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense, including, but not limited to: a money judgment in the amount of proceeds obtained by the defendant. (Doc. 45 at 3).

3. On June 17, 2022, the United States and defendant David Taylor entered into a Plea Agreement in this case. (Doc. 113). The Plea Agreement provides, among other things, that the defendant agreed to plead guilty to Count Three, Possessing and Brandishing a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

4. The defendant also agreed to the forfeiture allegation contained within the Superseding Indictment. Specifically, the defendant agreed to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 2641, 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c), whether in the possession or control of the United States, the defendant, the defendant's nominees, or elsewhere. The defendant understands that pursuant to 18 U.S.C. § 983, the seizing agency is required to send notice in non-judicial civil forfeiture matters. Having been advised of said rights regarding notice, the defendant hereby knowingly and voluntarily waives his/her rights to notice being sent within the time frames in 18 U.S.C. § 983 and to having the property returned to him/her if notice is not sent within the prescribed time frames. The

defendant further agrees to the forfeiture of any substitute assets up to the value of any property described above pursuant to 21 U.S.C. § 853(p) and Federal Rules of Criminal Procedure 32.2(e). Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture. The assets to be forfeited include forfeiture of his interest in all property that may constitute or is derived from proceeds of his commission of or involvement or participation in the charged interference with commerce by threats or violence, including a money judgment in the amount of $359,000.00, corresponding to the total amount obtained as a result of the interference with commerce by threats or violence specified in Count Three.  (Doc. 55).

**II.     Legal Analysis**

5.     Pursuant to Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure, the Court must determine what property is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as soon as practicable after a plea of guilty. When a personal money judgment is sought, "the court must determine the amount of money the defendant will be ordered to pay." Fed. R. Crim. P. 32.2(b)(1)(A).

6.     Once the property is determined to be subject to forfeiture, the Court "must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment." Fed. R. Crim. P. 32.2(b)(2)(A). The Court's determination may be based on any plea agreement, any other evidence already in the record, and any other additional evidence submitted by the parties that the Court deems relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B).

7.     It is mandatory that the Preliminary Order of Forfeiture is entered "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant." Fed. R. Crim. P. 32.2(b)(2)(B).

8.     As set forth in the Plea Agreement, on October 30, 2019, at 5201 S. Yosemite, Englewood, Colorado, outside of First Colorado Bank, an armored Brinks truck driver was robbed at gunpoint by three masked and gloved individuals holding functional firearms and zipties. The defendant and two codefendants jumped out of a stolen pathfinder with guns, zipties and an empty bag, got into the Brinks truck, stole $359,000.00 out of the back of the Brinks truck, and drove off in a stolen Nissan Pathfinder. The victim was ordered to the ground during the robbery by the robbers. Defendant and his two codefendants then drove the pathfinder several blocks away to meet a fourth codefendant in a Nissan Maxima. The defendant and the three other codefendants then drove away with the money and divided up the proceeds.

Prior to the robbery, the defendant drove from Texas to Denver for the express purpose of aiding the codefendants in committing the robbery. In the days prior to the robbery, the defendant and the three codefendants agreed to follow armored trucks in the Denver metro area in order to determine if there was an opportunity to commit a robbery. On October 30, 2019, the defendant and codefendants noticed the Brinks truck and victim, and agreed to commit the robbery.

Prior to and during the robbery the three men (including two codefendants) in the pathfinder were armed with functional firearms. The defendant was given a portion of the proceeds from the robbery as a result of his actions. Accordingly, a money judgment in the amount of $359,000.00 which could include joint and several liability for some or all of the amount with other as yet uncharged co-conspirators of the total funds obtained as a result of the robbery $359,000.00 should be entered against defendant David Taylor. (ECF Doc. 113, p. 6-7).

9.     Pursuant to 18 U.S.C. § 981(a)(1)(C), any property constituting, or derived from, any proceeds obtained directly or indirectly as the result of the commission of the offense shall be forfeited. Therefore, a forfeiture money judgment in the amount of $359,000.00, which could include joint and several liability for some or all of the amount with other as yet uncharged co-conspirators, should be entered against the defendant pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

///

///

///

WHEREFORE, the United States moves this Court to enter the Preliminary Order of Forfeiture tendered herewith, for the reasons set forth above.

DATED this 26th day of August 2022.

                Respectfully submitted,

                COLE FINEGAN
                United States Attorney

By:    s/ Kurt J. Bohn
        Kurt J. Bohn
        Assistant U.S. Attorney
        U.S. Attorney's Office
        1801 California Street, Suite 1600
        Denver, Colorado 80202
        Telephone: (303) 454-0100
        E-mail: kurt.bohn@usdoj.gov
        *Attorney for the United States*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of August, 2022, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to all counsel of record.

s/ *Charisha Cruz*
Paralegal Specialist
Office of the U.S. Attorney