IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 21-CR-14-PAB

UNITED STATES OF AMERICA,

       Plaintiff,

v.

4. JUSTIN WHITE

       Defendant.

_____

**MOTION FOR DISCOVERY:  COOPERATION WITH LAW ENFORCEMENT**
_____

Mr. White, through counsel, moves this Honorable Court to order the government to produce all materials related to David Taylor's cooperation with law enforcement:

**FACTUAL BACKGROUND**

On October 30, 2019, three suspects robbed a Brinks armored truck at the Bank of Colorado located at 5201 S. Yosemite St, Greenwood Village, Colorado. Through video surveillance, law enforcement determined that a Nissan Pathfinder with license plate CVD-251 was the vehicle used by the suspects.  After the robbery, the Nissan Pathfinder was recorded traveling south on Yosemite. Law enforcement located the Nissan Pathfinder approximately one mile away from the bank on November 1, 2019. Law enforcement discovered that the plates affixed to the Pathfinder were registered to another, similar looking Pathfinder and that the Pathfinder itself was stolen from an auction house in Houston, Texas in August

2019.  Based upon review of the videos, law enforcement suspected that a black Nissan Maxima was also used in the robbery as the "get away" car.

Task Force Agent Monahan was contacted by Agent Coughlan, who was investigating multiple robberies in the Houston area that appeared to be the same modus operandi and crew as the Denver robbery.   TFO Monahan and Agent Coughlan shared investigation information with each other.

Agent Coughlin was involved in the investigation of co-defendants David Taylor and Jamarius Jones.  Mr. Taylor and Mr. Jones, with other individuals, were arrested in Houston in January 2020 while attempting another robbery.  Mr. Taylor and Mr. Jones were indicted in Eastern District of Texas case number 20-cr-12-MAC-ZJH.   All co-defendants in that case, including Mr. Taylor and Mr. Jones, have entered guilty pleas, and been sentenced in that case.  According to PACER, that case was terminated on September 29, 2020.  Although Mr. Taylor, Mr. Jones and others may be suspects in additional robberies, there does not appear to be any additional or open charges against either of them at this point.

Other members of Mr. Taylor's crew have been arrested and charged in Louisiana state court and Federal Court in Texas. It is unclear whether these cases are still pending.

David Taylor proffered with TFO Monahan regarding the events leading up to and involving October 30, 2019.   Within that proffer, Mr. Taylor also discussed ways that these types of "jobs" were done and what each participant's responsibility was (e.g. bring their own gun, drive the getaway vehicle, obtain fictious license plates, etc.).  He discussed that a search warrant was conducted

at his home in Houston.  He stated that he had other information about crimes that occurred in Houston and wanted to speak with Agent Coughlin.

Mr. Taylor did confer with Agent Coughlin.  Mr. White has requested this information from the government, the government objects to the release of this information.  Mr. Taylor has conferred a significant benefit in his pleas based upon the information that he provided to government.

## PROCEDURAL BACKGROUND

Mr. White was indicted on January 18, 2022, in a Superseding Indictment (ECF 45).  Mr. White's first appearance in the District of Colorado was on April 25, 2022. (ECF 67).  On April 29, 2022, Discovery Conference Memorandum and Order was executed. (ECF 74) Within the Discovery Conference Memorandum, Mr. White requested disclosure of "… documents, data, photographs, tangible objects which are within the possession, custody or control of the government, and which are material to the preparation of his defense…." pursuant to Federal Rule of Criminal Procedure 16(a)(1)(A). (ECF 74 at 2) Further, Mr. White requested "disclosure of evidence favorable to the defendant on the issue of guilt and/or sentencing.  The government states it will disclose material evidence which is favorable to the defendant as required by Brady v. Maryland, 473 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972); and United States v. Bagley, 473 U.S. 667 (1985)." (ECF 74 at 4)

The Federal Rules of Criminal Procedure state:

Upon a Defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, or tangible objects, buildings or places, or copies or portions

of any of these items, if the item is within the government's possession, custody or control and:

> (i)     the item is material to preparing the defense;
>
> (ii)    the government intends to use the item in its case-in-chief at trial; or
>
> (iii)   the item was obtained from or belongs to the defendant.

Fed. R. Crim. P 16(a)(1)(E)

Evidence is considered "material to the defense 'if it could be used to counter the government's case or to bolster a defense,' and it is not 'deemed material merely because it would have dissuaded the defendant from proffering easily impeached testimony.'" *United States v. Henderson,* 564 F. App'x 352 (10th Cir. 2014) (unpublished) citing *United States v. Stevens,* 985 F.2d. 1175, 1180 (2d Cir. 1993) (quoted with approval in *United States v. Card,* Fed. App'x 941, 945 (10th Cir. 2002) (unpublished)).  "Evidence is 'material' under Rule 16 if "there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, [or] assisting impeachment or rebuttal." *United States v. Roybal,* 46 F.Supp. 3d 1127, 1145-46 (D.N.M. 2014, Browning, J.) (quoting *United States v. Graham,* 83 F.3d 1466, 1474 (D.C. Cir. 1996) (internal quotation marks and citations omitted)).

Criminal defendants have a constitutional right to receive certain discovery from the United States.  The Due Process clause of the United States Constitution requires that the United States to disclose to a defendant any evidence that "is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."  *Brady,* 373 U.S. at 87 (1963).

The Supreme Court has extended the prosecutions obligations of disclosure to include evidence that is useful to the defense in impeaching government witnesses, even if this evidence is not necessarily exculpatory. *Giglio,* 405 U.S. at 153 (1972)

Mr. Taylor entered a Change of Plea on June 17, 2022. (ECF 112) He entered a guilty to plea to Count Three of the Superseding Indictment (ECF 112,113 and 114) Mr. Taylor's sentencing is currently set for April 28, 2023 (ECF 171).

## ARGUMENT

Undersigned counsel has a duty to conduct a thorough factual investigation search all plausible lines of defense, whether at trial or at sentencing.  The additional cooperation and proffer information provided by Mr. Taylor is discoverable and necessary for Mr. White's defense pursuant to Rule 16 of the Federal Rules of Criminal Procedure, *Brady,* 373 U.S. at 87-88 (1963); *United States v. Agurs,* 427 U.S. 97, 104-108 (1976); *Bagley,* 473 U.S. at 675-677, 682-683 (1985); *Kyles v. Whitley,* 514 U.S. 419, 432-438 (1994), and their progeny.

The government has already provided some reports from Houston law enforcement's investigation, including investigation of a stolen Ford Fusion in June, 2019, a robbery and shooting of a Garda armored car on June 8, 2019, and the recovery of a stolen Ford Raptor on June 18, 2019 (which had a credit card receipt connected to co-defendant Jimmy Garrison).  Affidavits authored by Agent Coughlin connected to search warrants granted in the Eastern District of Texas and affidavits authored by TFO Monahan connected to search warranted granted in the District of Colorado have also been provided.  There are direct about

robberies in Houston within those various affidavits. There are connections between the robberies in Houston, Louisiana and this case. Failure to provide complete information impacts the defense from conducting a full and thorough investigation.

The defense is also entitled to this information pursuant to the Fifth, Sixth, and other constitutional rights under the United States Constitution since this information is crucial to the ability to properly confront Mr. Taylor's testimony as his statements to law enforcement, cooperation with other investigations jurisdictions and the benefits he received as a result are ripe for cross examination. Additionally, any false information Mr. Taylor may have provided to law enforcement would be appropriate for cross-examination.

WHEREFORE, Mr. White moves this Court to Order the government to provide all materials related to Mr. Taylor's cooperation with law enforcement.

Respectfully submitted,

/s/ Lisa Fine Moses
Lisa Fine Moses
Katie Yens
5200 DTC Pkwy, Suite 410
Greenwood Village, CO 80111
P: 720/644-5342
F: 720/489-3810
lisa@lfmdefense.com
katie@lfmdefense.com
Attorneys for Justin White

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this <u>Wednesday, January 25, 2023</u>, a true and correct copy of the above and foregoing was filed with the CM/ECF filing system.

United States Attorney's Office
Assistant United States Attorney
Brian Dunn
Brian.Dunn@usdoj.gov

<u>/s/ Lisa Fine Moses</u>
LFM Defense